**HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP**
**Stephen L. Dreyfuss, Esq.**
**sldreyfuss@hlgslaw.com**
**One Gateway Center**
**Newark, New Jersey 07102-5386**
**Tel: (973) 621-9020**
**Fax: (973) 621-7406**
**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ----------------------------x<br>DERICK BRIAN MOORE, on behalf<br>of himself and all others :<br>similarly situated; MICHELLE<br>BUTZ, on behalf of herself :<br>and all others similarly<br>situated, :<br><br>        Plaintiffs, :<br><br>v. :<br><br>CELLCO PARTNERSHIP, a Dela- :<br>ware General Partnership doing<br>business as Verizon Wireless;<br>and DOES 1 through 10, :<br><br>        Defendants. :<br>----------------------------x | Civil Action No._____<br><br>**CLASS ACTION**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br><br>**ELECTRONICALLY FILED** |

      Plaintiffs DERICK BRIAN MOORE, residing at 3675 Amelia Island St., Colorado Springs, Colorado 80920, and MICHELLE BUTZ, residing at 11710 S.E. Brockenhurst Cir., Happy Valley, Oregon 97086 (hereinafter "Plaintiffs"), by their attorneys, on behalf of themselves and all others similarly situated, as and for their Complaint against defendants CELLCO PARTNERSHIP, a Delaware general partnership doing business as Verizon Wireless, with its

principal place of business at 180 Washington Valley Road, Bedminster, New Jersey 07921, and DOES 1 through 10, allege as follows:

1. All allegations made in this Complaint are based upon information and belief except those allegations that pertain to Plaintiffs, which are based on personal knowledge. Each allegation in this Complaint either has evidentiary support or, pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## NATURE OF THE ACTION

2. This is a consumer class action for, *inter alia,* violations of federal law, New Jersey state law and common law arising out of the unfair, deceptive and misleading billing practices engaged in by defendants --- specifically, improperly billing data charges to customers. Plaintiffs bring this action in their own right and on behalf of a nationwide class of all others similarly situated.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to: (a) 28 U.S.C. § 1331 because this matter involves a violation of 47 U.S.C. § 201; (b) 47 U.S.C. § 207 because this is a suit for the recovery of damages under the Federal Communications Act; and (c) 28 U.S.C. § 1332(d) because this is a class action in which the citizenship of one or more members of the plaintiff

nationwide class is different from that of any defendant and the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. In addition, this Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims asserted herein.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3).

**PARTIES**

5. Plaintiff Derick Brian Moore("Moore") is a citizen of the State of Colorado.

6. Plaintiff Michelle Butz("Butz") is a citizen of the State of Oregon.

7. Defendant Cellco Partnership ("Cellco") is, and at all times relevant hereto was, a Delaware general partnership with its principal place of business located in Bedminster, New Jersey.

8. Plaintiffs are unaware of the true names, identities and capacities of the defendants sued herein as DOES 1 through 10. Plaintiffs will amend this Complaint to allege the true names and capacities of DOES 1 through 10 when ascertained. Plaintiffs are informed and believe, and thereupon allege, that each of the defendants sued herein as a DOE is legally responsible in some manner for the events and happenings set forth herein, and has proximately caused injuries and damages to Plaintiffs as set forth below.

9. As used herein, the term "Defendants" shall refer to Cellco and DOES 1 through 10, collectively.

10. Whenever in this Complaint reference is made to any act, deed or conduct of Defendants, the allegation means that Defendants engaged in the act, deed or conduct by or through one or more of their officers, directors, agents, employees or representatives who was actively engaged in the management, direction, control or transaction of the ordinary business and affairs of one or more of Defendants.

11. Plaintiffs are informed and believe, and based thereupon allege, that at all times material hereto, each of the Defendants was the agent, servant and/or employee of the other Defendants, acted within the purpose, scope and course of said agency, service and/or employment and with the express and/or implied knowledge, permission and consent of the other Defendants, and ratified and approved the acts of the other Defendants.

**FACTUAL BACKGROUND**

12. Moore has been a Verizon Wireless customer since 2004. Under Moore's contract with Defendants, Moore is entitled to 700 airtime minutes and unlimited night and weekend minutes that can be shared among three separate wireless telephones for the price of $79.98 per month. Moore receives a monthly bill from Defendants both in the mail and by email detailing his wireless telephone charges.

13. In October 2008, after receiving a higher than usual bill in September 2008, Moore visited a Verizon Wireless

store in Colorado Springs, Colorado and arranged for Defendants to block from his three wireless phones all data usage, downloads, text messaging and Internet access.

14. Prior to October 2008 and even after October 2008, Defendants improperly billed data charges to Moore's wireless phones. On several occasions, Moore has called Defendants and demanded that credits be issued for these improperly-billed charges and that the underlying error be corrected. Sometimes Defendants have credited his account in response to his complaints, and at other times they have refused to credit his account. Nevertheless, improperly-billed data charges have continued to appear on his bills. For example, on his July 13, 2009 bill, almost eight months after he blocked all data usage on all three phones, Moore received a bill from Defendants on which Defendants improperly imposed an $1.99 data charge on him.

15. Butz has been a Verizon Wireless customer since approximately 2005. Under Butz's contract with Defendants, Butz is entitled to 700 airtime minutes and unlimited mobile-to-mobile and night and weekend minutes that can be shared among five separate wireless telephones for the price of $90.00 per month. Butz receives a monthly bill from Defendants in the mail detailing her wireless telephone charges.

16. Approximately one year ago, Butz contacted Verizon Wireless and blocked from her five phones all data usage, downloads and Internet access.

5

17. Since that time, Verizon Wireless repeatedly has improperly billed Butz for various data charges on her wireless telephones. On several occasions, Butz has called Defendants and demanded that credits be issued for these improperly-billed charges and that the underlying error be corrected. Sometimes Defendants have credited her account in response to her complaints, and at other times they have refused to credit her account. Nevertheless, the improper data charges have continued to appear on her bills. For example, on her August 14, 2009 bill, Defendants imposed an improper $1.99 data charge on her.

18. As a result of Defendants' improper billing practices, Plaintiffs have been improperly billed for and have paid unwarranted data charges and have been damaged thereby.

### CLASS ACTION ALLEGATIONS

19. Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class that Plaintiffs seek to represent is defined as follows: "All residents of the United States of America who used wireless telephone service provided by Defendants between September 4, 2005 and September 4, 2009, whom Defendants improperly billed for data charges purportedly incurred during that period and who paid such improperly-billed data charges to Defendants."

20. This action is brought and properly may be maintained as a class action pursuant to Fed.R.Civ.P. 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3), and satisfies the

requirements thereof. As used herein, the term "class members" shall mean and refer to the members of the Class.

21. While the exact number of members of the Class is unknown to Plaintiffs at this time and can only be determined by appropriate discovery, membership in the Class is ascertainable based upon the billing records maintained by Defendants. At this time, Plaintiffs are informed and believe that the Class likely includes thousands of members. Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Fed.R.Civ.P. 23(a)(1), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

22. Common questions of law and fact exist as to the members of the Class, as required by Fed.R.Civ.P. 23(a)(2), and predominate over any questions that affect only individual members of the Class within the meaning of Fed.R.Civ.P. 23(b)(3).

23. The questions of fact that are common to the members of the Class include, but are not limited to, the following:

A. whether Defendants have engaged in illegal and unfair billing practices;

B. whether Defendants' illegal and unfair billing practices have resulted in class members' being improperly billed for data charges; and

C. whether class members have sustained damages as a result of Defendants' illegal and unfair billing practices

7

and, if so, the proper measure and appropriate formula to be applied in determining such damages.

24. The questions of law that are common to the members of the Class include, but are not limited to, the following:

    A. whether Defendants' billing practices violate § 201(b) of the Federal Communications Act;

    B. whether the class members are entitled to the declaratory relief sought herein;

    C. whether Defendants' billing practices constitute a breach of the class members' contractual agreements with Defendants; and

    D. whether Defendants' billing practices violate the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 et seq.

25. Plaintiffs' claims are typical of the claims of the other members of the Class under Fed.R.Civ.P. 23(a)(3) because Plaintiffs and each member of the Class have been subjected to the same billing practices and have been damaged in the same manner thereby.

26. Plaintiffs will fairly and adequately represent and protect the interests of the Class as required by Fed.R.Civ.P. 23(a)(4). Plaintiffs are adequate representatives of the Class, in that they have no interests that are adverse to the interests of the members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and, to that end, Plaintiffs have retained counsel who are competent and

experienced in handling class action litigation on behalf of consumers.

27. A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in this action under Fed.R.Civ.P. 23(b)(3) since:

    A. the expense and burden of individual litigation make it economically unfeasible for class members to seek redress other than through the procedure of a class action;

    B. if separate actions were brought by individual class members, the resulting duplicity of lawsuits would cause undue hardship and expense to the Court and the litigants by necessitating multiple trials of similar factual issues; and

    C. absent a class action, Defendants likely would retain the benefits of their wrongdoing, and there would be a failure of justice.

28. In the alternative, this action is certifiable under Fed.R.Civ.P. 23(b)(1) and/or 23(b)(2) because:

    A. the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants;

    B. the prosecution of separate actions by individual class members would create a risk of adjudications as to them that would, as a practical matter, be dispositive of the

9

interests of the other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

        C.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole and necessitating that any such relief be extended to the class members on a mandatory, class-wide basis.

      29.    Plaintiffs are aware of no difficulty likely to be encountered in the management of this litigation that would preclude its maintenance as a class action.

      30.    The names and addresses of the members of the Class are available from Defendants' records.

**COUNT ONE**

**(Violation of the Federal Communications Act, 47 U.S.C. § 201)**

      31.    Plaintiffs repeat and reallege each allegation of paragraphs 1 through 30 as if fully set forth herein.

      32.    Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class.

      33.    Defendants are common carriers engaged in interstate wireless communication for the purpose of furnishing communication services within the meaning of § 201(a) of the Federal Communications Act ("FCA").

10

34. Defendants' billing practices constitute unjust and unreasonable charges and/or practices in connection with communication services, and therefore violate § 201(b) of the FCA.

35. As a direct and proximate result of Defendants' violation of § 201(b) of the FCA, Plaintiffs and each member of the Class have been damaged in an amount to be determined at trial.

### COUNT TWO

**(Declaratory Relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.)**

36. Plaintiffs repeat and reallege each allegation of paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class.

38. An actual controversy has arisen and now exists between Plaintiffs and the members of the Class, on the one hand, and Defendants, on the other hand, concerning their respective rights and duties in that Plaintiffs and the members of the Class contend that Defendants are engaging in and continue to engage in improper and unlawful billing practices, while Defendants contend that their actions and conduct are lawful and proper.

39. A judicial declaration is necessary and appropriate at this time, under the circumstances presented, in order that Plaintiffs, the members of the Class and Defendants

may ascertain their respective rights and duties with respect to Defendants' billing practices.

## COUNT THREE

### (Breach of Contract)

40. Plaintiffs repeat and reallege each allegation of paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class.

42. Plaintiff Moore and Defendants entered into a written contract under which Defendants agreed to provide him with wireless telephone service according to a calling plan ("Plan") that included 700 monthly minutes to be shared among a primary phone and two secondary phones. The Plan also included unlimited "Night and Weekend" calling.

43. Plaintiff Butz and Defendants entered into a written contract under which Defendants agreed to provide her with wireless telephone service according to a calling plan ("Plan") that included 700 monthly minutes to be shared among a primary phone and four secondary phones. The Plan also included unlimited "Mobile to Mobile" and "Night and Weekend" calling.

44. Plaintiffs and each member of the Class are parties to written contracts ("wireless telephone service agreements") with Defendants that are uniform with respect to the provisions applicable to the claims asserted herein against Defendants.

12

45. Plaintiffs and each member of the Class have performed all conditions, covenants and promises required to be performed on their part in accordance with the terms and conditions of the wireless telephone service agreements, except to the extent such performance was excused, released or waived by the actions, conduct or agreement of Defendants.

46. Defendants breached their contractual obligations under the wireless telephone service agreements with Plaintiffs and each member of the Class by engaging in the improper billing practices alleged herein.

47. As a direct and proximate result of Defendants' breach of the wireless telephone service agreements, Plaintiffs and each member of the Class have been damaged in an amount to be determined at trial.

### COUNT FOUR

**(Violation of the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1, et seq.)**

48. Plaintiffs repeat and reallege each allegation of paragraphs 1 through 47 as if fully set forth herein.

49. Plaintiffs bring this claim for relief on behalf of themselves and the members of the Class pursuant to the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1, et seq. ("the Act"). Plaintiffs and all other members of the Class purchased wireless telephone services from Defendants and thereby suffered ascertainable losses of money as a result of the use and

13

employment by Defendants, within the State of New Jersey, of methods, acts and practices prohibited by the Act.

50. The conduct of Defendants in improperly billing for data charges constitutes an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation and the knowing concealment, suppression and omission of a material fact with intent that others rely thereupon, prohibited by and in contravention of N.J.S.A. § 56:8-2.

51. Defendants' unconscionable and prohibited practices have caused Plaintiffs and the other members of the Class to suffer damages, thereby entitling them to bring this action pursuant to N.J.S.A. § 56:8-19.

52. Defendants' conduct was wanton, willful, malicious and accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by that conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

### On Count One

For compensatory damages;

For a preliminary and permanent injunction prohibiting Defendants from continuing improperly to bill customers for unwarranted data charges;

For prejudgment interest commencing on the date of collection of the improperly-billed data charges and continuing through the date of entry of judgment in this action; and

For reasonable attorneys' fees pursuant to 47 U.S.C. § 206.

### On Count Two

For a declaration that Defendants' billing practices as alleged herein are unjust, unreasonable and unlawful.

### On Count Three

For compensatory damages; and

For prejudgment interest commencing on the date of collection of the improper-billed data charges and continuing through the date of entry of judgment in this action.

### On Count Four

For threefold the damages sustained by Plaintiffs and the other members of the Class as a result of the billing practices complained of herein;

For punitive damages;

For a preliminary and permanent injunction prohibiting Defendants from continuing improperly to bill customers for unwarranted data charges;

For prejudgment interest on the monies wrongfully obtained from the date of collection through the date of entry of judgment in this action; and

15

For reasonable attorneys' fees, filing fees and reasonable costs of suit pursuant to N.J.S.A. § 56:8-19.

**On All Counts**

For all attorneys' fees, expenses and recoverable costs reasonably incurred in connection with the commencement and prosecution of this action; and

For such other and further relief as the Court deems just and proper.

Dated: September 4, 2009

>HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
>
>By:   s/Stephen L. Dreyfuss
>    STEPHEN L. DREYFUSS
>    A Member of the Firm
>
>and
>
>Peter J. Bezek, Esq.
>Robert A. Curtis, Esq.
>FOLEY BEZEK BEHLE & CURTIS, LLP
>15 West Carrillo Street
>Santa Barbara, California 93101
>Tel: (805) 962-9495
>Fax: (805) 962-0072
>
>and
>
>J. Paul Gignac, Esq.
>ARIAS, OZZELLO & GIGNAC, LLP
>4050 Calle Real, Suite 130
>Santa Barbara, California 93110
>Tel: (805) 683-7400
>Fax: (805) 683-7401
>
>Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all issues so triable.


Dated:    September 4, 2009


			HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP


			By:    s/Stephen L. Dreyfuss
			       STEPHEN L. DREYFUSS

				and

			Peter J. Bezek, Esq.
			Robert A. Curtis, Esq.
			FOLEY BEZEK BEHLE & CURTIS, LLP
			15 West Carrillo Street
			Santa Barbara, California 93101
			Tel: (805) 962-9495
			Fax: (805) 962-0072

				and

			J. Paul Gignac, Esq.
			ARIAS, OZZELLO & GIGNAC, LLP
			4050 Calle Real, Suite 130
			Santa Barbara, California 93110
			Tel: (805) 683-7400
			Fax: (805) 683-7401

			Attorneys for Plaintiffs